# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NELSON NAVARRO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 19-201-LPS |
| | : | |
| WAL-MART ASSOCIATES, INC., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

---

Nelson Navarro, Smyrna, Delaware.   Pro Se Plaintiff.

Lindsay Neinast, Esquire, Littler Mendelson, P.C., Washington, D.C.   Counsel for Defendants.

## MEMORANDUM OPINION

February 18, 2020
Wilmington, Delaware

STARK, U.S. District Judge:

## I.  INTRODUCTION

Plaintiff Nelson Navarro ("Plaintiff") proceeds *pro se*.  He was represented by counsel when he commenced this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").  (D.I. 1)  The matter proceeds on the Amended Complaint.  (D.I. 10)  Pending are Defendants' motion to dismiss the Complaint and partial motion to dismiss the Amended Complaint.  (D.I. 7, 12)  Plaintiff opposes the partial motion to dismiss.  Briefing is complete.

## II.  BACKGROUND

As alleged in the Amended Complaint, Defendants Wal-Mart Stores East, LP and Wal-Mart Associates, Inc. ("Defendants" or "Walmart") employ three levels of technical mechanics: Tech I, Tech II, and Tech III.  (D.I. 10 at ¶¶ 7, 18)  Plaintiff, who identifies himself as a Filipino/Pacific Islander, was hired by Walmart in July of 2006 as a Tech I, an entry level technical mechanic who repairs tractor trailers.  (*Id.* at ¶¶ 7, 14-15, 19)  Plaintiff previously served in the U.S. Air Force repairing aircraft, holds an associate degree in aerospace technology, has brake certification for nine years, and has no infractions on his performance tracking log.  (*Id.* at ¶¶ 9, 23-27)

Plaintiff applied for a promotion to Tech II eight times over the past ten years and has not been promoted, unlike white candidates who have been hired for Tech II positions.  (*Id.* at ¶¶ 8, 19-21)  The Amended Complaint alleges that Walmart has Plaintiff train new technicians, some of whom are then immediately promoted above him.  (*Id.* at ¶¶ 9, 17)  Candidates who receive promotions to Tech II have had between a few months to two years of experience, with one candidate identified by Plaintiff as having nine years of experience.  (*Id.* at ¶¶ 9, 31, 33, 36)

In September 2015, an employee with nine years of experience, no technical degree, eight years of brake certification, and a blemish on his performance tracking log was chosen over Plaintiff

for a Tech II position. (*Id.* at ¶¶ 35, 36) In February 2016, two white employees were chosen for two Tech II positions over Plaintiff. (*Id.* at ¶ 29) Plaintiff was training one of them when they both applied for the position. (*Id.* at ¶ 30) That employee had eight months experience, no technical degree, no brake certification, a blemish on his performance tracking log, and did not meet all of Walmart's stated qualifications for the position. (*Id.* at ¶ 31) The other employee who was promoted had one year and seven months of experience, no technical degree, one year of brake certification, a blemish on his performance tracking log, and did not meet all of Walmart's stated qualifications for the position. (*Id.* at ¶ 33) Plaintiff alleges that his managers have given shifting and contradictory explanations for denying him a promotion, including telling him that other candidates have superior qualifications, he needs ASE certification, and that he fails interviews, despite promoting other employees who did not have ASE certification and complimenting Plaintiff on his interviews. (*Id.* at ¶¶ 8, 22, 39-41)

On April 14, 2016, Plaintiff filed a charge of discrimination with the EEOC. The charge alleges discrimination based upon race occurring from September 21, 2015 through February 3, 2016. (D.I. 14) The charge states that over his previous ten years of employment with Walmart, Plaintiff has been continually denied advancement and promotional opportunities while persons were promoted over him who did not possess his experience or qualifications. (*Id.*) Plaintiff alleges that since filing the charge of discrimination, his operations manager has retaliated against him by accusing him of insubordination. (*Id.* at ¶ 43) The Amended Complaint also alleges that Defendants' conduct was severe and pervasive, substantially altered the terms and conditions of Plaintiff's employment, and created a working environment so hostile that no reasonable employee would tolerate it. (*Id.* at ¶ 51) The EEOC issued its notice of right to sue on November 26, 2018. (*Id.* at ¶ 44) Plaintiff commenced this action on January 31, 2019. (D.I. 1)

Defendants filed a motion to dismiss the original Complaint on March 22, 2019, asserting several grounds for dismissal, including that Plaintiff failed to allege a protected category based upon race. (*See* D.I. 8 at 11-12) Plaintiff filed an Amended Complaint and cured the deficiency by alleging that he is a member of a protected category – Pacific Islander. (D.I. 10) Upon amendment, Defendants filed a partial motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6) on the grounds that: (1) Plaintiff did not exhaust remedies for the hostile work environment and retaliation claim; and (2) the Amended Complaint fails to state hostile work environment and retaliation claims. In light of the curative amendment alleging a protected category, the Court will deny as moot the motion to dismiss the original complaint. (D.I. 7)

## III. LEGAL STANDARDS

Although Plaintiff currently proceeds *pro se*, his pleading and opposition to the partial motion to dismiss were drafted when he was represented by counsel. Therefore, the liberal pleading standard is not applied. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pleadings crafted by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers).

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d

Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B.    Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV.   DISCUSSION

In general, a plaintiff is required to first raise all Title VII claims with the EEOC prior to bringing an action in federal court. *See Webb v. City of Philadelphia*, 562 F.3d 256, 262 (3d Cir. 2009). Defendants argue that because Plaintiff did not raise retaliation or hostile work environment claims in his charge of discrimination, he is precluded from raising these claims in his civil action. Plaintiff argues that the retaliation claim falls within the scope of a reasonable EEOC investigation and, therefore, is permissible in a judicial complaint. Plaintiff did not address exhaustion of the hostile work environment claim in his opposition.

The relevant test in determining whether a plaintiff has exhausted his administrative remedies is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984); *see also Hicks v. ABT Associates*, 572 F.2d 960, 965-66 (3d Cir. 1978); *Ostapowicz v. Johnson Bronze Co.*, 541 F. 2d 394, 399 (3d Cir. 1976); *see also generally Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) ("Requiring a new EEOC filing for each and every discriminatory act would not serve the purposes of the statutory scheme where the later discriminatory acts fell squarely within the

scope of the earlier EEOC complaint or investigation."). To determine whether a plaintiff has met

Title VII's administrative requirements, a court must ask whether "there [is] a close nexus between

the facts supporting the claims raised in the charge[(s)] and those in the complaint." *Smiley v.*

*Daimler Chrysler*, 538 F. Supp. 2d 711, 721 (D. Del. 2008) (citing *Howze v. Jones & Laughlin Steel Corp.*,

750 F.2d 1208, 1212 (3d Cir. 1984)); *see also Ostapowicz*, 541 F.2d at 398-99. A plaintiff's suit will not

be barred for failure to exhaust administrative remedies if the "core grievances" in the Title VII suit

filed and the earlier EEOC complaint are the same. *See Waiters*, 729 F.2d at 237 (plaintiff's suit was

not barred for failure to exhaust administrative remedies because his Title VII suit alleging retaliatory

firing shared same core grievance as earlier EEOC complaint); *Antol*, 82 F.3d at 1291 (finding that

initial EEOC charge of disability discrimination cannot fairly encompass subsequent Title VII claim

of gender discrimination). In addition, "the scope of a resulting private civil action in the district

court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow

out of the charge of discrimination.'" *Hicks*, 572 F.2d at 966 (quoting *Ostapowicz*, 541 F.2d at 398-

99); *see also Antol*, 82 F.3d at 1295; *Waiters*, 729 F.2d at 237.

Although this standard does not necessarily preclude a plaintiff from asserting a claim based

on the mere failure to check a box on an EEOC charge form, it does prevent a plaintiff from

"greatly expand[ing] an investigation simply by alleging new and different facts when he [is]

contacted by the Commission following his charge." *Hicks*, 572 F.2d at 967. Because the EEOC

is required to serve notice on the employer against whom the charges are made, this standard also

allows an employer to be put on notice of the claims likely to be filed against it. *See Barzanty v.*

*Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (citing 42 U.S.C. §§ 2000e–5(b), (e)(1)).

Retaliation for an EEOC Charge is often found to fall within the scope of a reasonable

EEOC investigation of that same charge. *See, e.g., Lantz v. Waynesboro Area Sch. Dist.*, 2016 WL

6039129, *4 (M.D. Pa. Oct. 14, 2016) (noting Second, Fourth, Seventh, and Tenth Circuits have

found retaliation for filing charge of discrimination is often found to fall within scope of reasonable EEOC investigation of charge); *Farber v. Gen. Elec. Co.*, 1994 WL 46519, at *5 n.2 (E.D. Pa. Feb. 16, 1994); *see also Howze*, 750 F.2d at 1212 (holding in context of a motion to amend, "new retaliation claim may be fairly considered an explanation of the original charge"). However, the United States Court of Appeals for the Third Circuit has rejected a per se rule that all claims of retaliation are "ancillary" to the original administrative complaint and, therefore, no further EEOC complaint need be filed. *See Waiters*, 729 F.2d at 237 n.10. Instead, the Third Circuit has adopted a case-by-case approach, under which the Court must examine carefully the prior administrative complaint and the additional claim to determine whether a second complaint need not have been filed. *See Robinson v. Dalton*, 107 F.3d 1018, 1024 (3d Cir. 1997). For example, a post-termination EEOC filing alleging retaliatory discharge is not necessary when the earlier EEOC investigation "clearly went beyond the specific problem alleged in the formal complaint" and encompassed the employer's entire conduct. *Waiters*, 729 F.2d at 238.

Plaintiff's administrative complaint focused entirely on the facts and circumstances surrounding failure to promote and race discrimination. Plaintiff did not check the "retaliation" box or the "continuing action box;" although this fact is not determinative, it is considered. Even interpreted liberally, the facts in the charge of discrimination do not speak to retaliation or a hostile work environment.

The charge does not mention retaliation, nor present any facts that could be considered retaliatory conduct, much less speak to retaliation that had not yet occurred. Rather, the factual statement in support of the charge speaks only to failure to promote and race discrimination. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) (former employee did not exhaust remedies for any claims of retaliation under Title VII based on sex discrimination and sexual harassment, although there was substantial factual overlap between discrimination charge and

retaliation claims, where (among other factors) box for retaliation was not checked on discrimination charge); *Howze*, 750 F.2d at 1212 (in failure to promote based upon race discrimination case, leave to amend to add retaliation claim proper because allegation of discrimination in retaliation for activities on behalf of Black Caucus could "fairly be considered an explanation of the original charge" and fell within scope of original charge; reasonable investigation could have encompassed new claims).

Nor do the facts presented speak to a hostile work environment. The Third Circuit has found a hostile work environment claim to be within the scope of an initial EEOC charge where it alleged the plaintiff was subjected to an "abusive atmosphere," a phrase which is interchangeable with "hostile work environment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 94-95 (3d Cir. 1999). Here, there is no analogous language in Plaintiff's charge which could give rise to a hostile work environment claim. Nor does the charge indicate continuing action, although that is not necessarily required. *See Moody v. Atlantic City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (hostile work environment claim does not necessarily require "continuing action" as such allegations may be based on severe or pervasive conduct). In any event, the charge identifies race discrimination relating to the failure to promote Plaintiff, but contains no facts that suggest a hostile work environment. *See e.g., Barzanty*, 361 F. App'x at 414.

Upon review of Plaintiff's administrative complaint and the allegations in the Amended Complaint, the Court finds Plaintiff's retaliation and hostile work environments claims are not fairly within the scope of the EEOC charge. Nor can it be said that a reasonable investigation by the EEOC would have encompassed examination of potential future retaliation or a hostile work environment. Accordingly, the Court will dismiss the claims and will grant Defendants' partial motion to dismiss the Amended Complaint.[1]

---

[1]     Dismissal is also appropriate as the Amended Complaint fails to state retaliation and hostile work environment claims. A prima facie case for retaliation under Title VII requires a plaintiff to

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Defendants' motion to dismiss the complaint (D.I. 7); and (2) grant Defendants' partial motion to dismiss the Amended Complaint (D.I. 12).

An appropriate Order will be entered.

---

show (1) he engaged in a protected activity; (2) he was subject to an adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *See, e.g., Wilkerson*, 522 F.3d at 320. The Amended Complaint alleges that Plaintiff's manager accused Plaintiff of insubordination at some unspecified time after Plaintiff filed his charge of discrimination. There are no allegations that Plaintiff was subjected to an adverse action as a result of the alleged insubordination accusation. In his reply, Plaintiff seems to indicate that an insubordination warning was placed in his personnel file, however, these allegations are not the Amended Complaint. (*See* D.I. 15 at 7).

As discussed above, Plaintiff did not oppose the motion to dismiss the hostile work environment claim for failure to exhaust administrative remedies. Nor does he oppose dismissal for failure to state a claim upon which relief may be granted. For a hostile work environment claim, a plaintiff must show that: (1) he suffered intentional discrimination because of his race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of vicarious liability. *See Aman v. Cort Furniture Retail Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996). Other than to refer to a hostile work environment in a conclusory manner, the Amended Complaint' allegations do not support the claim.