IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NELSON NAVARRO, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-201-LPS |
| WAL-MART ASSOCIATES, INC., et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this _____ day of December, 2021;

1. Plaintiff has taken no action in this case since August 11, 2021, including failing to oppose Defendants' motions to dismiss for lack of prosecution filed on May 18, 2021 and November 8, 2021. (D.I. 28, 36) On July 17, 2021, the Court entered an order for Plaintiff to respond to the motion to dismiss on or before August 13, 2001. (D.I. 30) He did not. Instead, he sent a letter to the Court to confirm a November 8, 2021 court date when no hearing had been set for that date. (D.I. 31) On September 27, 2021, the Court entered a second order for Plaintiff to respond to the motion to dismiss on or before October 22, 2021. (D.I. 35) Plaintiff was warned that should he fail to file a response the Court would consider the motion to dismiss solely on the submissions and could also dismiss the case for failure to prosecute. (*Id.*) Plaintiff did not file an opposition or take any other action prior to the deadline. On November 4, 2021, Plaintiff advised the Clerk's Office that he was not aware of the September 27, 2021 Order and a copy of the order was mailed to him the same day. On November 8, 2021, Defendant filed a renewed motion to dismiss for failure to prosecute. (D.I. 36) Plaintiff has yet to respond to the motions to dismiss or take any action.

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

3. Several factors warrant the sanction of dismissal including Plaintiff's failure to respond to Defendants' discovery requests, Plaintiff's failure respond to two motions to dismiss, Plaintiff's failure to prosecute the case, the prejudice to Defendants for Plaintiff's failure to respond to discovery requests, and Plaintiff's apparent dilatory behavior in prosecuting the case.

THEREFORE, it is ordered that:

1. Defendants' motions to dismiss are **GRANTED**. (D.I. 28, 36)

2. The Clerk of Court is directed to **CLOSE** the case.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE